**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BIG 5 SPORTING GOODS CORPORATION, a Delaware corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, <br><br> Defendants - Appellees. | No. 13-56249 <br><br> D.C. No. 2:12-cv-03699-DMG-MAN <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted October 21, 2015
Pasadena, California

Before: TROTT, KLEINFELD, and CALLAHAN, Circuit Judges.

---

      * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because the parties are aware of the facts, circumstances, and policy language controlling this case, we repeat them only as necessary to explain our decision.

This lawsuit boils down to (1) whether or not Hartford had a duty to defend Big 5 against the underlying actions, and (2) whether or not Zurich had a similar duty. Focusing on exclusions of coverage in the relevant policies, the district court concluded that no such duty existed as to either company. In a thorough order carefully addressing Big 5's claims and arguments, the court said,

> [B]ecause all of the Underlying Actions in this case arise out of the alleged violation of the statutory right to privacy, specifically the Song-Beverly Act, coverage is barred by the Statutory Violations Exclusions under the Policies. Defendants have established, as a matter of law, that there is no conceivable theory under which the claims in the Underlying Actions warrant coverage. Viewing the facts in the light most favorable to Plaintiff does not change this outcome. Accordingly, Defendants are entitled to summary judgment. Conversely, Plaintiff is not.

We agree.

We begin with Big 5's argument that the insurers had a duty to defend even if the underlying actions were bound to fail. Not so. Big 5 ignores that the "duty to defend groundless actions applies only to claims covered by the policy." Venoco, Inc. v. Gulf Underwriters Ins. Co., 175 Cal. App. 4th 750, 765 (2009)

(emphasis added). An insurer may have a duty to defend against a <u>claim</u> that is meritless or frivolous, i.e. "a loser," but not against a claim that is plainly <u>not</u> <u>covered</u> because of an exclusion. <u>Scottsdale Ins. Co. v. MV Transp.</u>, 36 Cal. 4th 643, 655 (2005) ("[I]f, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance."). An insurer has no duty to defend when "the underlying claim cannot come within the policy coverage by virtue of the scope of the insuring clause <u>or</u> the breadth of an exclusion." <u>Montrose Chem. Corp. v. Sup.</u> <u>Ct.</u>, 6 Cal. 4th 287, 301 (1993) (emphasis added).

Zurich's 2007-2009 "Statutory Violation Exclusion" language bars coverage for personal and advertising injury <u>arising directly or indirectly</u> out of <u>any</u> action or omission that violates or is alleged to violate any statute, ordinance or regulation that prohibits or limits the sending, transmitting, communicating, or distribution of material or information. Zurich's 2009-2010 policy exclusions slightly modify and expand this language, but not in a material way that might benefit Big 5.

Hartford's policy creates similar exclusions. The first exclusion, entitled "Right Of Privacy Created By Statute," covers personal and advertising injury arising out of the violation of a person's right of privacy created by any state or federal act. The second exclusion, entitled "Distribution Of Material In Violation

-3-

of Statutes," covers personal and advertising injury arising directly or indirectly out of any action or omission that violates or is alleged to violate any statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

We agree with the district court that Zurich's and Hartford's exclusionary language encompasses violations of the Song-Beverly Act -- undeniably a statute -- as well as <u>any</u> act or omission that arises <u>directly or indirectly</u> from an alleged violation of that law.

Big 5 argues, however, that the lawsuits it was forced to defend contained common law and California constitutional right to privacy claims separate and apart from any Song-Beverly Act ZIP Code violations. We disagree. As did the district court, we conclude that in garden variety ZIP Code cases like these, such extra Song-Beverly Act privacy claims simply do not exist. We have scoured the legal landscape searching for precedents supporting Big 5 assertions, but we have come up empty. To the contrary, the authority shedding light on this issue points conclusively in the other direction: California does not recognize any common law or constitutional privacy right causes of action for requesting, sending, transmitting, communicating, distributing, or commercially using ZIP Codes. The only possible claim is for statutory penalties, not damages.

In 1991, the Song-Beverly Act created by statute a new right of privacy. As the district court noted, the legislative history of the Act states, "Existing law does not prohibit persons who accept credit cards in business transactions from requiring a cardholder to write or provide personal identification information for notation on the credit card transaction form. This bill would enact such a prohibition." Nothing has changed since the enactment of that Act.

Fogelstrom v. Lamps Plus, Inc., 195 Cal. App. 4th 986 (2d Dist. 2011), a ZIP Code marketing case, illuminates our conclusion that the privacy rights asserted by Big 5 do not exist. In that case, the plaintiff alleged an invasion of his common law and constitutional rights to privacy. The Court of Appeal held that "the conduct of which plaintiff complains does not constitute a 'serious' invasion of privacy." Id. at 992. The court reasoned that "[a]ctionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." Id. (quoting Hill v. National Collegiate Athletic Ass'n, 7 Cal. 4th, 1, 37 (1994)). The court said that "[Lamps Plus'] conduct is not an egregious breach of social norms, but routine commercial behavior." Id. As the Supreme Court of California observed in Hill, "[n]o community could function if every intrusion into the realm

of private action, no matter how slight or trivial, gave rise to a cause of action for invasion of privacy." 7 Cal. 4th at 37.

Big 5's "claims" are not just lacking in merit. Under settled California law, they are not even recognized as cognizable causes of action, a status one step below "unmeritorious." Allowing Big 5's fact pattern to rise to the level of a claim would require an insurance company to insure and defend against non-existent risks.

Fogelstrom also disposes of the plaintiff's increased-risk-of-identity-theft argument, calling it "a speculative conclusion of fact." 195 Cal. App. 4th at 993.

Big 5's negligence theory fares no better. Just as a rose by any other name is still a rose, so a ZIP Code case under any other label remains a ZIP Code case. See Swain v. Cal. Cas. Ins. Co., 99 Cal. App. 4th 1, 8-9 (2002) ("A general boilerplate pleading of 'negligence' adds nothing to a complaint otherwise devoid of *facts* giving rise to a potential for covered liability."). As the district court recognized, the California Court of Appeal has discouraged the "artful drafting" of alleging superfluous negligence claims, saying that to allow such a practice would inappropriately "erase exclusions in any policy." Fire Ins. Exch. v. Jiminez, 184 Cal. App. 3d 437, 443 n.2 (1986).

Accordingly, the district court's Amended Judgment in favor of Zurich and Hartford is AFFIRMED.