1. An intentional intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff, or his private affairs;
2. With respect to the matter or affair which plaintiff claims was invaded, that plaintiff had a legitimate and reasonable expectation of privacy;
3. The intrusion would be highly offensive to a reasonable person; and
4. That the defendant's conduct was a proximate cause of damage to plaintiff.
Doe v. Gonzaga Univ. , 143 Wash.2d 687, 24 P.3d 390, 399 (2001), rev'd on other grounds , 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) ; see also Mark v. Seattle Times, 96 Wash.2d 473, 635 P.2d 1081, 1094 (1981). Whether or not the plaintiffs in the Underlying Action could assert a common law intrusion upon seclusion claim against Swapp Law absent the DPPA depends on whether or not the accident reports obtained by Swapp Law are a "matter or affair" in which "plaintiff had a legitimate and reasonable expectation of privacy." Id.
Under Washington law, "[t]he assessment of whether a cognizable privacy interest exists" requires "an inquiry into a person's subjective expectation of privacy" and an objective "examination of whether the expectation is one which a citizen of [Washington] should be entitled to hold." State v. Martin , 106 Wash.App. 850, 25 P.3d 488, 492 (2001), aff'd sub nom. State v. McKinney , 148 Wash.2d 20, 60 P.3d 46 (2002) (citing City of Seattle v. McCready, 123 Wash.2d 260, 868 P.2d 134 (1994) ). Relying on State v. McKinney , 148 Wash.2d 20, 60 P.3d 46 (2002), Hartford argues that Washington residents do not have a constitutionally "protected privacy interest in the information contained in a [Department of Licensing] driver's record." State v. McKinney , 148 Wash.2d 20, 60 P.3d 46, 52 (2002). But State v. McKinney was a criminal case, the holding of which is limited to the unremarkable proposition that driving records are not protected from warrantless searches by law enforcement. "[C]itizens of this state are not entitled to expect that their information is private and protected from disclosure for law enforcement purposes ." Id. (emphasis added). And holding that driver's information is not protected from law enforcement officials is not tantamount to holding that there is no privacy interest in the information at all. The court must therefore more fully examine Washington law to determine whether it would support a claim for damages in the Underlying Action absent the DPPA or a Washington state statute.
Current Washington state law does recognize a privacy interest in driving records. However, it does so pursuant to statute. Washington's disclosure statute, Revised Washington Code 46.12.635, provides that, except under certain circumstances, "the name or address of an individual vehicle or vessel owner shall not be released by the department, county auditor, or agency or firm authorized by the department." RCW 46.12.635 (2016). The subsequent section, RCW 46.12.640, establishes penalties for "unauthorized disclosure of information" and other violations of RCW 46.12.635. Importantly, however, there is no private cause of action for damages under the statute. And even if a claim for damages had been brought pursuant to RCW 46.12.640, those damages would still be excluded from coverage under the Policy because they arise out of a *1218 state statute and the Statutory Exclusion applies to claims for damages arising under both federal and state statutes.
The court has been unable to locate any authority suggesting that Washington recognized a "constitutionally protected privacy interest in ... drivers' records" in Washington prior to the passage of RCW 46.12.635 (formerly codified at 46.12.380) in 1990.[10] In fact, the Washington legislature "recognized an important privacy interest in driver's license records" only when it passed RCW 46.12.635.[11] And there is absolutely nothing to suggest that Washington recognized a common law claim for damages arising from a recognized privacy interest in driver's license or motor vehicle information prior to the passage of the statute. In short, any right of action that may currently exist under Washington law was created by statute . See Big 5 Sporting Goods Corp. v. Zurich Am. Ins. Co. , 957 F.Supp.2d 1135, 1150-51 (C.D. Cal. 2013), aff'd , 635 F. App'x 351 (9th Cir. 2015) (holding that a Statutory Exclusion applied because "[t]he legislative history of the Song-Beverly Act illustrates that the Act created a new statutory right of privacy in 1991 that previously did not exist at common law ." (emphasis added) ).
3. No Duty to Defend
Because the only privacy right that an individual may have in his or her driving record in the state of Washington was created by statute, the exception to the Statutory Exclusion does not apply. The damages claimed in the Underlying Action are subject to the Statutory Exclusion and thus are excluded from coverage. As a result, Hartford has no duty to defend Swapp Law in the Underlying Action. Having so concluded, the court need not and does not reach whether the Distribution Exclusion applies.
C. DUTY TO INDEMNIFY
Because coverage for claims asserted in the Underlying Action are excluded, Hartford has no duty to indemnify Swapp Law. Basic Research, LLC v. Admiral Ins. Co. , 297 P.3d 578, 580 (Utah 2013).
ORDER
Hartford's Motion for Judgment on the Pleadings (ECF No. 30) is GRANTED . Because the damages asserted in the Underlying Action, Wilcox, et al. v. Swapp Law PLLC, et al. , Case No. 2:17-cv-275, are excluded from coverage under the Policy, Hartford has neither a duty to defend nor a duty to indemnify Swapp Law in the Underlying Action.

In fact, "[u]ntil 1990 there were no restrictions on who could obtain vehicle registration information." State v. McKinney , 148 Wash.2d 20, 60 P.3d 46, 49 (2002) (citing Final Legislative Report , 51st *28 Leg., Reg. Sess. at 55 (Wash.1990) and Substitute H.B. 2463; Laws of 1990, ch. 232).

"In 1990, the legislature clearly articulated its concern that 'indiscriminate release of the vehicle owner information [is] an infringement upon the rights of the owner and can subject owners to intrusions on their privacy.' " State v. McKinney , 60 P.3d at 52 (J. Chambers, concurring) (quoting Laws of 1990, ch. 232, § 1). To address this concern, it "enacted severe restrictions on the terms of disclosure and mandated notification to the driver." Id. (quoting Laws of 1990, ch. 232, § 2).